FILED
SUPERIOR COURT
OF GUAM

2018 APR 19 PM 2: 09

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **DARIUS ABDUL RICHARDSON,** | **Superior Court Case No. DM0361-01** |
| **Plaintiff,** | |
| vs. | **DECISION AND ORDER** |
| **JEAN LORRAINE RICHARDSON,** | **(Objection Re: Judge Maraman Assignment)** |
| **Defendant.** | |

### INTRODUCTION

This matter comes before the Court on Defendant Jean Richardson's Objection to the Assignment of Judge Maraman filed October 4, 2017. Attorney Daniel J. Berman represents Plaintiff Darius Richardson. Defendant Jean Richardson appears *pro se*. Upon review of the evidence, written arguments, and legal authorities presented by both parties, the Court hereby issues this Decision and Order DENYING Defendant's motion.

### BACKGROUND

This case involves an ongoing dispute between Jean and Darius stemming from their 2001 divorce. In the interest of brevity, the Court will recount only those facts pertinent to Jean's present motion. On September 8, 2017, Judge Maraman filed a notice of a potential conflict of interest ("the Notice"). The potential conflict stems from an unrelated case (CV0179-16) in which Darius's attorney Daniel J. Berman filed suit, on behalf of a client,

against a Board of Directors on which Judge Maraman serves in her personal capacity. Notice, at 1 (Sep. 8, 2017). Judge Maraman is not a named defendant in the lawsuit. *Id.* In the Notice, Judge Maraman asserts that she does not believe that the facts disqualify her from sitting as a judge in this matter. *Id.* The Notice states that a party wishing to pursue disqualification based on the facts of the Notice must make such objection within twenty-one days of the filing of the Notice. *Id.*

The Notice was served on Darius via the court box of Darius's attorney Daniel Berman on September 8, 2017. *Id.* at 2. On September 13, 2017, Darius served Jean with his Notice of Waiver and Statement of No Objection via e-mail and also via U.S. Mail, First Class to her residence in New York. Notice of Waiver (Sep. 13, 2017). On September 20, 2017, the Court filed a Declaration of Mailing which states that a copy of the Notice was mailed to Jean's New York address. Decl. of Mailing (Sep. 20, 2017).

On October 4, 2017, Jean filed a motion titled "Objection and First Request for Information Re: September 8, 2017 Assignment; Grounds of Disqualification 7 GCA Sections 6105; and Duty to Disclose Disqualification 7 GCA Section 6106."

## DISCUSSION

a. Procedural defects in Jean's Objection.

The Supreme Court of Guam has held that a Superior Court judge may strike a statement of objection that is procedurally defective without referring the matter to another judge. *People v. Johnny*, 2006 Guam 10 ¶ 1. "A statement is formally defective if it is improperly served, not verified, or untimely." *Id.* ¶¶ 11-14 (citing 7 G.C.A. § 6107); see also *Krebs v. L.A. Ry. Corp.*, 61 P.2d 931, 933-34 (Cal.1936) (affirming judge's striking of untimely request for disqualification). Jean's motion was defective in that it was improperly served and unverified.

Pursuant to 7 G.C.A. § 6107, an objection to judicial competency must be made in the form of a written statement filed with the clerk of court and "[c]opies of such written statement shall forthwith be served by the presenting party on each party, or his or her attorney, who has appeared in the action or proceeding *and on the Justice or Judge alleged in such statement to be disqualified.*" 7 G.C.A. § 6107 (emphasis added). The Supreme Court of Guam has held that

a party objecting to competency must provide personal service of its statement of objection upon the challenged judge or justice. *Long Term Credit Bank of Japan*, 2003 Guam 10 ¶ 37. Jean's Objection was never served on Judge Maraman, and it is therefore procedurally defective.

Additionally, Section 6107 requires that statements of objection "be verified in the manner prescribed for the verification of pleadings." 7 G.C.A. § 6107. The Supreme Court of Guam has clarified that statements of objection must be verified in the manner set forth in 6 G.C.A. § 4308. *Term Credit Bank of Japan* at ¶ 42. For a document to be verified, Section 4308 requires the document to contain a statement declaring under the penalty of perjury that the facts alleged are true. Jean's Objection contains no such verification. Because of the procedural defects in her Objection, this Court may strike the Objection without referring the matter to another judge.

b. The facts do not give rise to an inference that this Court has acted with bias.

Having decided that procedural defects warrant denial of Jean's Objection, the Court will nonetheless address the substantive arguments presented.

A judge has the duty to determine if any facts exist which would subject him or her to disqualification pursuant to 7 G.C.A. § 6105 and to provide a memorandum of these facts. 7 G.C.A. § 6106. This memorandum is to be entered into the minutes and transmitted to each party. *Id.*

The Notice was filed on September 7, 2017. The Court filed a Declaration of Mailing on September 20, 2017, in which Deputy Clerk Barbara G. Leon Guerrero signed and declared under penalty of perjury that she mailed via U.S. Mail a copy of the Notice to Jean's address in New York. Decl. of Mailing (Sep. 20, 2017). Jean asserts that she did not learn of the Notice until September 21, 2017, when she received service via U.S. Mail of Darius's Waiver and Statement of No Objection. Objection, at 2 (Oct. 4, 2017). Jean further points out that the Court has consistently mailed all other Superior Court generated documents to her. *Id.* After mailing her Objection to Judge Maraman's assignment on September 29, 2017, Plaintiff claims that she subsequently received the Notice from the Court via U.S. Mail on September 30, 2017. Objection Re: Mot. for Child Supp., at 12 (Oct. 20, 2017). September 30 was after the twenty-one day period allowed for the filing of a motion to disqualify pursuant to the Notice. Jean now

argues that the Court deliberately delayed the mailing of the Notice and that this is evidence of judicial bias.

Absent an agreement by all parties that a jurist continue to preside over a matter, the Guam Code mandates that a judge disqualify herself in the following circumstances:

(a) Any Judge shall disqualify himself or herself in any proceeding in which his or her impartiality might reasonably be questioned, but if, following complete disclosure to all parties in the proceeding of the reasons for disqualification, all parties agree to having the Judge continue to sit in the proceedings, he or she need not disqualify himself or herself. 7 G.C.A. § 6105(a).

(b) A Judge shall also disqualify himself or herself in the following circumstances, but if, following complete disclosure to all parties in the proceeding of the reasons for his or her disqualification, all parties agree to having the Judge continue to sit in the proceedings, he or she need not disqualify himself or herself:

(1) Where he or she has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; 7 G.C.A. § 6105(b)(1).

Under section 6105, "what matters is the appearance of bias, not "actual bias." *People v. Camaddu*, 2015 Guam 2 ¶ 74 (citing *Van Dox v. Superior Court*, 2008 Guam 7 ¶ 32). The appearance of bias is judged from an objective standard of a reasonable person "who knows all the facts, and understands the contexts of jurisdictions, parties, and controversies involved, including such realities of the Guam judicial system..." *Van Dox*, 2008 Guam 7 ¶ 32 (quoting *Ada v. Gutierrez*, 2000 Guam 22 ¶¶ 12-13). Furthermore, the Supreme Court of Guam has stated that the "the recusal statutes should not be so broadly construed so as to become presumptive. A judge's duty to hear a case and keep the wheels of justice rotating is just as strong as his or her duty to remove himself or herself if a reasonable person would not believe in his or her impartiality." *Ada*, 2000 Guam 22 ¶ 15 (internal quotation marks and citations removed).

Jean argues that Judge Maraman has intentionally withheld the Notice from Jean, and that this is evidence that Judge Maraman is acting with bias and unable to rule impartially in this case. The Court did not withhold the Notice from Jean, as the September 20, 2017 Declaration of Mailing signed by Deputy Clerk Guerrero shows that the Court made a reasonable effort to provide Jean with service. The fact that there was a substantial delay period

between the filing of the Notice and its mailing was due to a clerical error by the Court. This delay was not the result of malice or bias. The delay in Jean receiving the Notice is also due to the logistical realities of the postal system being used to serve parties living in locations far from Guam. The premise of Jean's argument, that Judge Maraman has exercised bias by intentionally withholding the Notice from Jean, is factually inaccurate. Because the premise is based upon inaccurate facts, the Court finds that Jean's argument is ungrounded.

While Jean has argued that disqualification is appropriate based on the perceived procedural defects in service of the Notice, she has not argued that disqualification is necessary based on the substance of the Notice. The Court further notes that CV0179-16, the case which gave rise to the potential conflict, has been dismissed. The issue has therefore become moot.

## CONCLUSION

For the reasons set forth above, the Court finds that disqualification of Judge Maraman is not required in this matter.

_Katherine A. Maraman_
**HONORABLE KATHERINE A. MARAMAN**
**Judge, Superior Court of Guam**

April 19, 2018

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:

Berman

Date: 4-19-18 Time: 3PM

Jerimie K.C. James
Deputy Clerk, Superior Court of Guam